COBB, J.
Petitioners, Joseph L. Riley Anesthesia Associates. P.A., Douglas Conigliaro, M.D., and D. Brian Jager, M.D., seek certiorari review of a non-final, interlocutory order denying their motion to strike Dr. Elliot Krames from the witness list of respondents, Eleanor and Robert Karstetter.
Petitioners are defendants in a medical malpractice action brought by respondents. Respondents listed Dr. Krames as one of their seven experts to testify regarding the standard of care. However, Dr. Krames participated in the peer review evaluation of the alleged malpractice incident, so petitioners moved to strike him from the witness listing, arguing that under section 766.101(5), Florida Statutes, that peer review evaluation is absolutely privileged. In response, Dr. Krames filed an affidavit admitting that he had participated in the peer review evaluation and acknowledging that the information received as part of that proceeding, and his report and all communications regarding that proceeding, were privileged. Nonetheless, Dr. Krames asserted that he could testify regarding the standard of care provided by petitioners based solely on his review of the relevant hospital chart and operative notes and stated that his objectivity and professional opinion were in no way influenced by his participation in the peer review evaluation. The trial court denied petitioners’ motion to strike based on the doctor’s affidavit.
Section 766.101(5), Florida Statutes (1997), provides that the investigation, proceedings and records of a medical review committee are not subject to discovery in any action against a health care provider arising out of the matters being reviewed and no person in attendance at a committee meeting is permitted to testify, nor can they be required to testify, as to any evidence presented during the proceedings or the findings made. The statute also provides, however, that a person who is a member of the committee or who testifies before the committee is not prevented from testifying “as to matters within his or her knowledge.” The privilege created by this section is designed to provide the kind of confidentiality necessary for full and frank medical peer evaluations. See Cruger v. Love, 599 So.2d 111 (Fla.1992); Holly v. Auld, 450 So.2d 217 (Fla.1984). Committee members and witnesses must be able to participate in the peer review proceedings without fear of reprisal and doctors being evaluated must feel free to disclose all pertinent information without fear that the information may later be used against them. Cruger, 599 So.2d at 114.
Allowing a doctor who participated in a peer review evaluation to later testify as an expert in the trial of the very malpractice evaluated, albeit on the limited issue of standard of care, would undoubtedly have a chilling effect which would undermine the very purpose of the privilege. Contrary to re *519 spondents argument, the language in the statute allowing committee members to testify as to matter within their knowledge does not permit the members to appear as experts, but merely allows them to testify on factual matters within their personal knowledge.
Furthermore, although Dr. Krames believes he can disregard the information he learned as a result of the peer review investigation when giving his expert opinion, his belief could not be tested because petitioners are prohibited from questioning the doctor about the peer review proceeding. Also, the jury could not be appraised of the doctor’s prior exposure to confidential information regarding the case. In addition, it is unrealistic to believe that a person can provide a totally unbiased professional opinion after exposure to privileged information. Even when a conscious effort is made to block out the confidential information, it is impossible to measure the subconscious effect of such exposure. Finally, respondents have listed six other experts who can testify on the standard of care and have failed to show any prejudice should the doctor be stricken from their witness list.
Accordingly, we quash the trial court’s order and remand for further proceedings consistent herewith.
PETITION GRANTED AND ORDER QUASHED.
ANTOON, J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.